### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| **CHARLES SEARFASS** ) | |
| **4122 NW 43rd Terrace** ) | |
| **Gainesville, Florida 32606** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
|     v. ) | **Civil Action No.:** |
| ) | **Admiralty and Maritime Claim** |
| **THE UNITED STATES OF AMERICA** ) | **Under F.R.C.P. 9(H)** |
| ) | **Filed Pursuant to 28 U.S.C. § 1916** |
| ) | |
| <u>**Serve:**</u> **Robert K. Hur** ) | |
|     **United States Attorney** ) | |
|     **District of Maryland** ) | |
|     **36 S. Charles Street, 4th Floor** ) | |
|     **Baltimore, MD 21201** ) | |
| ) | |
|     **Defendant.** ) | |
| ) | |

### **COMPLAINT**

COMES NOW, Plaintiff, Charles Searfass, by and through his attorneys, Robert M. Schwartzman and Matthew D. Shaffer, hereby sues Defendant, The United States of America, and states the following:

    **I.**    **JURISDICTION AND VENUE**

1. This is an action within the maritime jurisdiction of this Court.

2. This action is maintained under the Suits in Admiralty Act, 46 U.S.C. §§ 30901, et seq., as well as the general maritime law of the United States of America. This action is also maintained under the Public Vessels Act, 46 U.S.C. §§ 31101, et seq., and the Jones Act, 46 U.S.C. §§ 30104, et seq.

3. The causes of actions set forth herein are governed by the aforementioned statutes and by the Jones Act, 46 U.S.C. §§ 30104, et seq., and by the General Maritime Law of The United States of America, providing a remedy for injuries sustained by Plaintiff while employed as a seaman and member of the crew of the SS CAPE WRATH, in the capacity of an electrician.

4. Plaintiff is an American citizen and seaman, and he brings this action pursuant to the terms of Section 1916, Title 28 of the United States Code without the prepayment of costs or the necessity of depositing security therefor.

5. Venue is proper in the District of Maryland because the events giving rise to Plaintiff's cause took place in Maryland waters.

## II. PARTIES

6. Plaintiff, Charles Searfass, is an adult resident of Gainesville, Florida.

7. Defendant, The United States of America, for all purposes herein, may be served with due process herein by serving the following governmental offices: Mark H. Buzby, Maritime Administrator, U.S. Department of Transportation, Maritime Administration, 1200 New Jersey Ave., SE, Washington, DC 20590; Jefferson Sessions, Attorney General of the United States, United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001; and Robert K. Hur, United States Attorney for the District of Maryland, 36 S. Charles Street, 4th Floor, Baltimore, Maryland 21201.

## III. NOTICE OF CLAIM

8. Pursuant to 46 U.S.C. § 327.4, a notice of claim for administrative consideration was submitted on Plaintiff's behalf on October 16, 2017. It was delivered to, and received by, the Office of Marine Insurance for The United States Department of Transportation, Maritime Administration on November 6, 2017. The Office of Marine Insurance acknowledged receipt of

Plaintiff's Notice of Claim in written correspondence dated December 5, 2017.

9. Because over sixty (60) days have passed since the notice of claim was received and MarAd has not issued written notice of allowance or disallowance of the claim, the claim is presumed to have been "administratively disallowed" pursuant to 46 U.S.C. § 327.7.

10. Defendant, The United States of America, is a sovereign power, and this action is brought against The United States of America under the provisions of the Suits in Admiralty Act, Suits in Admiralty Act, 46 U.S.C. §§ 30901, et seq., the Public Vessels Act, 46 U.S.C. §§ 31101, et seq., and/or under other statutory provisions permitting such suits.

### IV.    FACTS

11. Plaintiff would show that this lawsuit has become necessary as a result of personal injuries he sustained on or about June 28, 2017. At all material times, Plaintiff was a seaman employed by Crowley Technical Management and/or Crowley Liner Services, Inc. as an electrician, and Plaintiff was a member of the crew of the SS CAPE WRATH (hereinafter the "Vessel").

12. At all material times, the SS CAPE WRATH was a roll-on/roll-off vessel, which was owned, operated, and/or managed by Defendant, The United States of America. Defendant,

13. On or about June 28, 2017, Plaintiff, a Jones Act seaman, was properly performing his duties as an electrician aboard the Vessel. The Vessel was docked in Port Covington Pier, at or near Baltimore, Maryland.

14. On or about June 28, 2017, at approximately 8:00 a.m., while the Vessel in navigable waters of Maryland, Plaintiff was acting under orders to assist in lowering the Man Overboard Boat ("MOB") over the Vessel's railing and into the water. The chief mate was inside the MOB and operating the davit while Plaintiff and a fellow crewmember were handling the lines. The

MOB took a sudden drop, and the Plaintiff's hands right became entangled in the line. As a result of the occurrence, the Plaintiff suffered serious and debilitating injuries to his right hand, wrist, and fingers, including a crush injury to his fingers. Because emergency aid and/or medical attention was not summoned, Plaintiff was forced to disembark the vessel and seek care on his own.

15. Due to the injuries that Plaintiff sustained as a direct result of the June 28, 2017 incident, he was forced to miss work from June 28, 2017 through the present. While working as an electrician aboard the Vessel, he was paid $3,500.00 bi-monthly in addition to overtime pay. As a result of his above- mentioned injuries, Plaintiff was denied the opportunity to earn his full wages.

## V.    CAUSE OF ACTION

16. Plaintiff re-alleges and incorporates by reference the allegations of the aforementioned paragraphs as if more fully set forth herein at length

17. On or about June 28, 2017, Defendant, The United States of America, was negligent, and said negligence was a proximate cause of Plaintiff's injuries. Plaintiff contends that on the occasion in question, Defendant, acting through its officers, agents, servants and/or employees, was negligent, and its vessel, the SS CAPE WRATH, was unseaworthy in the following respects:

    a. Defendant failed to provide a safe place to work;

    b. Defendant failed to plan and execute a proper and safe procedure to perform the task at hand;

    c. Defendant and/or its agents failed to properly supervise the operation at hand;

    d. The Vessel lacked a properly trained and competent Master and crew;

    e. The Vessel was under-crewed, and Plaintiff was forced to perform additional

        tasks;

    f.   The MOB was properly maintained in a safe working condition;

    g.   The Vessel lacked proper equipment and/or tools for launching and maneuvering the MOB;

    h.   The Plaintiff lacked adequate assistance to perform the task at hand; and,

    i.   Other acts of negligence and/or conditions of unseaworthiness as proven at time of trial.

18. On said date as a result of said occurrence, Plaintiff sustained severe and painful injuries. Such occurrence and such injuries occurred as a proximate result of the unsafe and unseaworthy condition of the SS CAPE WRATH, its crews and appurtenances and/or equipment or, in whole or in part, as a proximate result of the initial acts and/or negligence or lack of attention on the part of Defendant, its agents, servants and/or employees acting in the course and scope of their employment and agency.

## VI.   **DAMAGES**

19. As a direct and proximate result of the occurrence alleged, Plaintiff sustained severe and painful injuries to his body and mind, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause great physical and emotional pain and suffering. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date. Plaintiff is informed and believes and alleges that, in all reasonable probability, some or all of said injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at trial. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and

medical expenses in connection with said injuries. By reason of the foregoing, Plaintiff would show that he has been damaged in a sum, to be determined at trial, far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

20. By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendant, The United States of America, is liable to Plaintiff:

    a. Reasonable and necessary medical expenses in the past and in the future;

    b. Physical pain and suffering in the past and in the future;

    c. Mental anguish in the past and in the future;

    d. Loss of earning capacity in the past and in the future;

    e. Physical disfigurement in the past and in the future; and,

    f. Physical impairment in the past and in the future.

All said injuries and damages in an extent, not now precisely known, in excess of $1,000,000.00.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Charles Searfass, demands judgment from and against Defendant, The United States of America, for compensatory damages, plus pre-judgment and post-judgment interest, the costs of this action, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

**SCHWARTZMAN LAW, LLC**

By: */s/ Robert M. Schwartzman*
Robert M. Schwartzman, Esq. (No. 01092)
rms@rs-atty.com.
2313 Hidden Glen Drive
Owings Mills, MD 21117
(410) 852-7367

OF COUNSEL:
Matthew D. Shaffer, Esq.
Texas Bar Number 18085600
Schechter, McElwee, Shaffer & Harris, LLP
3200 Travis Street, Third Floor
Houston, Texas 77006
Telephone: (713) 524-3500
Facsimile: (713) 751-0412
mshaffer@smslegal.com